Jeremy E. Branch, Esq.
California Bar No. 303240
Law Offices of Jeffrey Lohman, P.C.
4740 Green River Road, Suite 219
Corona, CA 92880
Phone: (657) 363-3332
Fax: (657) 246-1312
jeremyb@jlohman.com

Michael L. Greenwald (*pro hac vice* application to follow)
Greenwald Davidson Radbil PLLC
5550 Glades Road, Suite 500
Boca Raton, FL 33431
Phone: (561) 826-5477
Fax: (561) 961-5684
mgreenwald@gdrlawfirm.com

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JORGE ACEVEDO GARCIA, *on behalf of himself and others similarly situated*, | Case No. 2:17-cv-3598 |
| | CLASS ACTION COMPLAINT |
| Plaintiff, | JURY TRIAL DEMANDED |
| vs. | |
| DEBT RECOVERY SOLUTIONS, LLC, | |
| Defendant. | |

## Nature of this Action

1. Jorge Acevedo Garcia ("Plaintiff") brings this class action against Debt Recovery Solutions, LLC ("Defendant") under the Telephone Consumer Protection

Act ("TCPA"), 47 U.S.C. § 227, the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692d, and the Rosenthal Fair Debt Collection Practices Act ("Rosenthal Act"), Cal. Civ. Code § 1788.17.

2. Section 227(b)(1)(A)(iii) of the TCPA sets forth restrictions on the use of automated telephone equipment and artificial or prerecorded voice calls, and provides in pertinent part:

> It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States—
>
> (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice—
>
> *****
>
> (iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call, unless such call is made solely to collect a debt owed to or guaranteed by the United States[.]

3. Upon information and belief, Defendant routinely violates the TCPA by placing non-emergency telephone calls to consumers' cellular telephone numbers by using an automatic telephone dialing system or an artificial or prerecorded voice, without the prior express consent of the consumers, in that Defendant routinely dials wrong or reassigned telephone numbers that do not belong to the intended recipients of the calls.

4. Section 1692d of the FDCPA provides, in pertinent part:

> A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

5. Upon information and good faith belief, Defendant routinely violates 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse consumers in connection with the collection of debts, in that it continues to call consumers for the purpose of debt collection even after being informed that it is calling the wrong person.

6. Section 1788.17 of the Rosenthal Act provides:

> Notwithstanding any other provision of this title, every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Sections 1692b to 1692j, inclusive, of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code.

Cal. Civ. Code § 1788.17.

7. By violating the FDCPA, Defendant also systematically violates the Rosenthal Act.

## Jurisdiction

8. This Court has subject matter jurisdiction under 47 U.S.C. § 227(b)(3), 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331, and 28 U.S.C. § 1367(a).

9. Venue is proper before this Court under 28 U.S.C. § 1391(b), as Defendant transacts business in this district, and as a substantial part of the events giving rise to this action occurred in this district.

**Parties**

10. Plaintiff is a natural person who at all relevant times resided in San Dimas, California.

11. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

12. Defendant is a debt collection company based in Syosset, New York.

13. Defendant touts itself as a "fully licensed, bonded and insured national debt collection agency."[1]

14. Defendant states that it "has been purchasing distressed consumer receivables in all asset classes since its inception," and is "comfortable bidding aggressively on high volume, aged portfolios with a nationwide debtor base."[2]

15. Defendant uses a "state of the art call center" that includes "a pool of thirty (30) outbound predictive dialing collectors."[3]

16. Defendant credits its success to its aggressive dialing practices:

> The success of our recovery program is determined by the intensity of our telephone collection and skip tracing activity. Although our professionally written and tested mail dunning will stimulate a response

---

[1] https://www.dbtsolutions.com//about-us.php (last visited Apr. 21, 2017).
[2] *Id.*
[3] https://www.dbtsolutions.com//corporate-profile.php (last visited Apr. 21, 2017).

on a segment of a portfolio, aggressive telephone collection activity will create the level of response that retains relationships with our clients.[4]

17. Defendant states on its website that "[t]his communication is from a debt collector. This is an attempt to collect a debt and any information will be used for that purpose."[5]

18. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## Factual Allegations

19. In an attempt to contact a third party unknown to Plaintiff for the purpose of attempting to collect a debt in default, Defendant placed numerous calls to cellular telephone number (909) 454-xxxx—a number for which Plaintiff is the subscriber and customary user.

20. By way of example, Defendant called Plaintiff's cellular telephone number on, among other dates, January 23, 2017, March 14, 2017, March 27, 2017, March 29, 2017, April 3, 2017, April 5, 2017, and May 4, 2017.

21. Upon information and good faith belief, Defendant's records will show additional calls that it made to Plaintiff's cellular telephone number with an automatic telephone dialing system or an artificial or prerecorded voice.

22. Defendant called Plaintiff's cellular telephone number from (800) 851-9631—a telephone number assigned to Defendant.

---

[4] *Id*.
[5] https://www.dbtsolutions.com//federal-state-disclosures.php (last visited Apr. 21, 2017).

23. Defendant placed all of the above-referenced calls in an effort to contact and collect a debt allegedly owed by a third party named Christine, unknown to Plaintiff.

24. Upon answering several of Defendant's calls, Plaintiff was greeted by a prerecorded voice instructing Christine to return Defendant's call.

25. After having received multiple calls for Christine, Plaintiff called Defendant to inform it that it was calling the wrong number and to stop calling.

26. When Plaintiff called Defendant, the line rang multiple times before going to an answering machine. At that time, Plaintiff left a message advising Defendant that it was calling the wrong person and to stop calling.

27. No matter, despite Plaintiff's demand that Defendant stop placing calls to him, Defendant continued to place calls to Plaintiff's cellular telephone number.

28. Upon information and good faith belief, and in light of the character and nature of the calls, including that Defendant's calls utilized a prerecorded voice, Defendant placed its calls to Plaintiff's cellular telephone number using an automatic telephone dialing system, as defined by 47 U.S.C. § 227(a)(1).

29. Upon information and good faith belief, and in light of the character and nature of the calls, including that Defendant's calls utilized a prerecorded voice, Defendant placed its calls to Plaintiff's cellular telephone number by using (a) equipment which has the capacity (i) to store or produce telephone numbers to be

called, using a random or sequential number generator, and (ii) to dial such numbers, or (b) technology with the capacity to dial random or sequential numbers, or (c) hardware, software, or equipment that the FCC characterizes as an automatic telephone dialing system through the following, and any related, declaratory ruling and order: *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, FCC 15-72 (adopted June 18, 2015 and released July 10, 2015).

30. Upon information and good faith belief, and in light of the character and nature of the calls, including that Defendant's calls utilized a prerecorded voice, Defendant placed its calls to Plaintiff's cellular telephone number by using (a) an automated dialing system that uses a complex set of algorithms to automatically dial consumers' telephone numbers in a manner that "predicts" the time when a consumer will answer the phone and a person will be available to take the call, or (b) equipment that dials numbers and, when certain computer software is attached, also assists persons in predicting when a sales agent will be available to take calls, or (c) hardware, that when paired with certain software, has the capacity to store or produce numbers and dial those numbers at random, in sequential order, or from a database of numbers, or (d) hardware, software, or equipment that the FCC characterizes as a predictive dialer through the following, and any related, reports and orders, and declaratory rulings: *In the Matter of Rules and Regulations*

*Implementing the Telephone Consumer Protection Act of 1991*, 17 FCC Rcd 17459, 17474 (September 18, 2002); *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 18 FCC Rcd 14014, 14092-93 (July 3, 2003); *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 23 FCC Rcd 559, 566 (Jan. 4, 2008); *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, FCC 15-72 (adopted June 18, 2015 and released July 10, 2015).

31. Upon information and good faith belief, Defendant utilizes hardware and software with the capacity to store telephone numbers and to dial such numbers sequentially, predictively, or randomly, and to dial telephone numbers without human intervention.

32. Upon information and good faith belief, Defendant used such hardware and software to place the calls at issue to Plaintiff's cellular telephone number.

33. Defendant did not have Plaintiff's prior express consent to make any calls to his cellular telephone number.

34. Rather, Defendant was attempting to reach a third party who is unknown to Plaintiff, for the purpose of collecting a debt in default.

35. Plaintiff never provided his cellular telephone number to Defendant.

36. Plaintiff never had any business relationship with Defendant.

37. Defendant did not place any calls to Plaintiff's cellular telephone number for emergency purposes.

38. Defendant placed its calls to Plaintiff's cellular telephone number under its own free will.

39. Upon information and good faith belief, Defendant placed the calls at issue to Plaintiff willfully and knowingly in that it consciously and deliberately made the calls referenced herein.

40. Upon information and good faith belief, Defendant had knowledge that it was using, and intended to use, an automatic telephone dialing system or an artificial or prerecorded voice to place the calls at issue to Plaintiff.

41. Plaintiff suffered harm as a result of Defendant's telephone calls at issue in that he suffered an invasion of her privacy, an intrusion into his life, and a private nuisance.

42. As well, Defendant's telephone calls at issue depleted or consumed, directly or indirectly, Plaintiff's cellular telephone minutes, for which he paid a third party.

43. Additionally, the unwanted calls at issue unnecessarily tied up Plaintiff's cellular telephone line.

## Class Action Allegations

44. Plaintiff brings this action as a class action under Federal Rule of Civil Procedure 23(a) and (b) on behalf of himself and two classes of similarly situated individuals as defined below:

### TCPA Class

All persons and entities throughout the United States (1) to whom Debt Recovery Solutions, LLC placed, or caused to be placed, calls (2) directed to a number assigned to a cellular telephone service, by (3) using an automatic telephone dialing system or an artificial or prerecorded voice, (4) from four years prior to the date of this complaint through and including the date of class certification, (5) absent prior express consent—in that the called party was not the intended recipient of the calls.

### Debt Collection Class

All persons and entities throughout the United States (1) to whom Debt Recovery Solutions, LLC placed, or caused to be placed, calls, (2) from one year prior to the date of this complaint through and including the date of class certification, (3) and in connection with the collection of a consumer debt, (4) after the called party informed Debt Recovery Solutions, LLC that it was calling the wrong person.

Excluded from the classes are Defendant, its officers and directors, members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which Defendant has or had a controlling interest.

45. The proposed classes are so numerous that, upon information and belief, joinder of all members is impracticable.

Plaintiff's Class Action Complaint
-10-

46. The exact number of members of the classes is unknown to Plaintiff at this time and can only be determined through appropriate discovery.

47. The proposed classes are ascertainable because they are defined by reference to objective criteria.

48. In addition, and upon information and belief, the cellular telephone numbers of all members of the classes can be identified in business records maintained by Defendant and third parties.

49. Plaintiff's claims are typical of the claims of the members of the classes because all of the class members' claims originate from the same conduct, practice and procedure on the part of Defendant, and Plaintiff possesses the same interests and has suffered the same injuries as each class member.

50. Like all members of the proposed TCPA Class, Plaintiff received telephone calls from Defendant using an automatic telephone dialing system or an artificial or prerecorded voice, without his consent, in violation of 47 U.S.C. § 227.

51. Further, like all members of the proposed Debt Collection Class, Plaintiff received telephone calls from Defendant in connection with the collection of a consumer debt that he did not owe.

52. Plaintiff will fairly and adequately protect the interests of the members of the classes and has retained counsel experienced and competent in class action litigation.

53. Plaintiff has no interests that are irrevocably contrary to or in conflict with the members of the classes that he seeks to represent.

54. A class action is superior to all other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable.

55. Furthermore, as the damages suffered by individual members of the classes may be relatively small, the expense and burden of individual litigation make it impracticable for the members of the classes to individually redress the wrongs done to them.

56. There will be little difficulty in the management of this action as a class action.

57. Issues of law and fact common to the members of the classes predominate over any questions that may affect only individual members, in that Defendant has acted on grounds generally applicable to each class.

58. Among the issues of law and fact common to the classes are:

    a. Defendant's violations of the TCPA as alleged herein;

    b. Defendant's violations of the FDCPA as alleged herein;

    c. Defendant's use of an automatic telephone dialing system as defined by the TCPA;

    d. Defendant's use of an artificial or prerecorded voice;

   e. Defendant's practice of making calls to wrong or reassigned telephone numbers;

   f. Defendant's practice of attempting to collect debts that consumers do not owe;

   g. Defendant's status as a debt collector as defined by the FDCPA; and

   h. the availability of statutory damages.

59. Absent a class action, Defendant's violations of the law will be allowed to proceed without a full, fair, judicially supervised remedy.

## Count I: Violations of 47 U.S.C. § 227(b)(1)(A)(iii)

60. Plaintiff repeats and re-alleges each and every factual allegation contained in paragraphs 1 – 59.

61. Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) by utilizing an automatic telephone dialing system or an artificial or prerecorded voice to make and/or place telephone calls to Plaintiff's cellular telephone number, without his consent.

62. As a result of Defendant's violations of 47 U.S.C. § 227(b)(1)(A)(iii), Plaintiff and the TCPA Class are entitled to damages in an amount to be proven at trial.

## Count II: Violations of 15 U.S.C. § 1692d

63. Plaintiff repeats and re-alleges each and every factual allegation contained in paragraphs 1 – 59.

64. Defendant violated 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff in connection with the collection of consumer debts.

65. Defendant did so by repeatedly dialing Plaintiff's cellular telephone number for the purpose of attempting to collect a debt that Plaintiff did not owe.

## Count III: Violation of Cal. Civ. Code § 1788.17

66. Plaintiff repeats and re-alleges each and every factual allegation contained in paragraphs 1 – 59.

67. The Rosenthal Act at Section 1788.17 provides:

> Notwithstanding any other provision of this title, every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Sections 1692b to 1692j, inclusive, of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code.

Cal. Civ. Code § 1788.17.

68. Defendant violated Cal. Civ. Code § 1788.17 by violating the FDCPA.

## Jury Trial Demanded

Plaintiff hereby demands a trial by jury.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

(a) Determining that this action is a proper class action and designating Plaintiff as class representative under Rule 23 of the Federal Rules of Civil Procedure;

(b) Adjudging that Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii), and enjoining Defendant from continuing to place calls to Plaintiff's cellular telephone number, from placing calls to consumers' cellular telephone numbers by using an automatic telephone dialing system or an artificial or prerecorded voice without the prior express consent of the consumers, and from committing further violations of 47 U.S.C. § 227(b)(1)(A)(iii);

(c) Adjudging that Defendant violated 15 U.S.C. § 1692d, and enjoining Defendant from further violations of 15 U.S.C. § 1692d with respect to Plaintiff and the other members of the Debt Collection Class;

(d) Adjudging that Defendant violated Cal. Civ. Code § 1788.17, and enjoining Defendant from further violations of Cal. Civ. Code § 1788.17 with respect to Plaintiff and the other members of the Debt Collection Class;

(e) Awarding Plaintiff and members of the TCPA Class actual damages, or statutory damages under 47 U.S.C. § 227(b)(3) in an amount up to $1,500.00 per violation;

(f) Awarding Plaintiff and members of the Debt Collection Class statutory damages under the FDCPA and Rosenthal Act;

(g)     Awarding Plaintiff and members of the classes their reasonable costs, expenses, and attorneys' fees incurred in this action, including expert fees, under 15 U.S.C. § 1692k and Rule 23 of the Federal Rules of Civil Procedure; and

(h)     Awarding other and further relief as the Court may deem just and proper.

Dated May 12, 2017                     Respectfully submitted,

/s/ Jeremy Branch
Jeremy E. Branch, Esq.
California Bar No. 303240
Law Offices of Jeffrey Lohman, P.C.
4740 Green River Road, Suite 219
Corona, CA 92880
Phone: (657) 363-3332
Fax: (657) 246-1312
jeremyb@jlohman.com

Michael L. Greenwald*
Greenwald Davidson Radbil PLLC
5550 Glades Road, Suite 500
Boca Raton, FL 33431
Phone: (561) 826-5477
Fax: (561) 961-5684
mgreenwald@gdrlawfirm.com

* *pro hac vice* application to follow

Counsel for Plaintiff and the proposed classes